## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-CV-1717

ZACHARY GREGORY, an individual,

       Plaintiff,

v.

DIRECT RECOVERY SERVICES LLC, a Minnesota limited liability company,

       Defendant.

## COMPLAINT

### INTRODUCTION

1.  This is an action for actual and statutory damages brought by Zachary Gregory (the "**Plaintiff**"), an individual consumer, against Direct Recovery Services LLC, a Minnesota limited liability company (the "**Debt Collector**"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter, "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and for violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 5-16-101 *et seq.* (hereinafter, "**CFDCPA**"), which requires collection agencies to obtain a license to collect debts in this state.

### JURISDICTION

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because that claim is so related to the claim in this action that it forms part of the same case or controversy.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5. Plaintiff is an individual who resides in the County of El Paso, State of Colorado.

6. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3) and Colo. Rev. Stat. § 5-16-103(5).

7. The Debt Collector is a limited liability company that collects debts from consumers in the State of Colorado.

8. The Debt Collector has a place of business at 629 7th Avenue, Suite 1, Two Harbors, Minnesota 55616.

9. The Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

10. The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

11. The Debt Collector is engaged in a business, the principal purpose of which is the collection of debts.

12. The Debt Collector takes assignment of debts for collection purposes.

13. The Debt Collector is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6), and a "collection agency", as that term is defined by Colo. Rev. Stat. § 5-16-103(3)(a).

///

///

## FACTS

14. The Debt Collector is attempting to collect a debt that the Plaintiff had allegedly incurred to Security Service Federal Credit Union, a federal credit union (the "**Debt**").

15. The Debt is an obligation that was incurred primarily for personal, family, or household purposes.

16. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692(a)(5) and Colo. Rev. Stat. § 5-16-103(8)(a).

17. The account from which the Debt allegedly stems was closed over two years ago with a $0.00 balance.

18. On April 16, 19, 23, and 26, 2018, and May 4, 18, and 22, 2018, the Debt Collector called Plaintiff and left voicemails regarding the Debt.

19. The April 16th phone call to Plaintiff was the Debt Collector's "initial communication" with Plaintiff, as that term is used by 15 U.S.C. § 1692g(a).

20. After the Debt Collector's initial communication with Plaintiff, the Debt Collector did not send the notice required by 15 U.S.C. § 1692g(a).

21. The Debt Collector represented in its voicemails that: "I have reason to believe that this serious matter does involve you personally. The strict laws governing your respective state require that all parties involved be notified."

22. The Debt Collector represented in its voicemails that failure to resolve the debt will permanently affect Plaintiff's social security.

23. Within the last year, the Debt Collector called Plaintiffs sister, brother-in-law, mother and father regarding the Debt.

24. The Debt Collector communicated with the above individuals in connection with the collection of the Debt.

25. The Debt Collector left voicemails consistent with the statements in paragraphs 20 and 21 for Plaintiff's sister, brother-in-law, mother, and father.

26. The Debt Collector represented to Plaintiff's mother that the debt could be satisfied if she paid $1,022.27 on behalf of her son.

27. None of the above individuals is Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.

28. Plaintiff did not give the Debt Collector consent to communicate with the above individuals to collect the Debt.

29. The Debt Collector did not obtain the express permission of a court of competent jurisdiction to communicate with the above individuals to collect the Debt.

30. Communicating with the above individuals to collect the Debt was not reasonably necessary to effectuate a post-judgment judicial remedy.

31. The Debt Collector is not licensed in the State of Colorado.

32. The Debt Collector does not maintain an office within the State of Colorado.

## COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

33. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

34. At all times material hereto, Plaintiff was a "consumer", as that term is defined under 15 U.S.C. § 1692a(3).

35. At all times material hereto, the balance that the Debt Collector was attempting to collect was a "debt", as that term is defined under 15 U.S.C. § 1692a(5).

36. At all times material hereto, the Debt Collector was a "debt collector", as that term is defined under 15 U.S.C. § 1692a(6).

37. The FDCPA prohibits the Debt Collector from communicating with third parties "without the prior consent of the consumer given directly to the debt collector . . . ." 15 U.S.C. § 1692c(b).

38. The Debt Collector violated 15 U.S.C. § 1692c(b) by communicating with Plaintiff's sister, brother-in-law, mother, and father.

39. The FDCPA prohibits the Debt Collector from making any false representations regarding the "character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(a).

40. The Debt Collector violated 15 U.S.C. § 1692e(2)(a) by representing to Plaintiff that he owes a debt that he does not owe.

41. The FDCPA prohibits the Debt Collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

42. The Debt Collector violated 15 U.S.C. § 1692e(5) by representing that failure to pay the Debt will permanently affect Plaintiff's social security.

43. The FDCPA requires the Debt Collector to provide certain disclosures to Plaintiff within five days of the Debt Collector's initial communication with Plaintiff. 15 U.S.C. § 1692g(a).

44. The Debt Collector violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with written notice validating the Debt.

45. The foregoing acts and omissions of the Debt Collector constitute numerous and multiple violations of the FDCPA.

46. Plaintiff has suffered and continues to suffer actual damages as a result of the Debt Collector's unlawful conduct.

47. Plaintiff is entitled to damages in an amount to be determined at trial.

///

///

## COUNT II
### (Violations of the CFDPA, Colo. Rev. Stat. § 5-16-101 *et seq.*)

48. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

49. At all times material hereto, Plaintiff was a "consumer", as that term is defined under Colo. Rev. Stat. § 5-16-103(5).

50. At all times material hereto, the balance that the Debt Collector was attempting to collect was a "debt", as that term is defined under Colo. Rev. Stat. § 5-16-103(8)(a).

51. At all times material hereto, the Debt Collector was a "collection agency", as that term is defined under Colo. Rev. Stat. § 5-16-103(3)(a).

52. The CFDCPA prohibits the Debt Collector from conducting "the business of a collection agency . . . without having obtained a license under this article," and further requires that "[a]ny person acting as a collection agency must possess a valid license issued by the administrator . . . ." Colo. Rev. Stat. §§ 5-16-115(1)(a) and 5-16-118.

53. The Debt Collector violated Colo. Rev. Stat. §§ 5-16-115(1)(a) and 5-16-118 by failing to obtain a valid license to collect debts in the State of Colorado.

54. The CFDCPA requires the Debt Collector to maintain an office within the State of Colorado that is open to the public during normal business hours and staffed by at least one full-time employee. Colo. Rev. Stat. § 5-16-123(1)(b)(I)(A).

55. The Debt Collector violated Colo. Rev. Stat. § 5-16-123(1)(b)(I)(A) by failing to maintain an office within the State of Colorado.

56. The violations of the foregoing requirements under the CFDCPA are unlike the Debt Collector's violations under the FDCPA, and therefore, Plaintiff is entitled to statutory damages under the CFDCPA in addition to the FDCPA.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Zachary Gregory prays for relief and judgment against the Debt Collector as follows:

1. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2. Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k;

3. Awarding Plaintiff statutory damages pursuant to Colo. Rev. Stat. § 5-16-101;

4. Enjoining the Debt Collector from the illegal collection of debts;

5. Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

6. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

7. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 6, 2018

Respectfully submitted,

/s/ Daniel J. Vedra
Daniel J. Vedra
Katherine Russell
Vedra Law LLC
1435 Larimer St. Suite 302
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com
Email: kate@vedralaw.com